IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHERMAN LAVELLE SHAW,<br><br>Plaintiff,<br><br>v.<br><br>RANDY FLORES, ET AL.,<br><br>Defendants. | CIV. NO. 26-00545 JMS-WRP<br><br>ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, ECF NO. 2, AND (2) SUA SPONTE DISMISSING COMPLAINT, ECF NO. 1, WITHOUT LEAVE TO AMEND |

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, ECF NO. 2, AND (2) SUA SPONTE DISMISSING COMPLAINT, ECF NO. 1, WITHOUT LEAVE TO AMEND**

## I. INTRODUCTION

On October 19, 2026, pro se Plaintiff Sherman Lavelle Shaw ("Plaintiff") filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("In Forma Pauperis ('IFP') Application"), ECF No. 2, along with a complaint against Randy Flores ("Clerk at Honolulu Police Department"), Roxanne Felicia Flores, Governor Josh Green, and Mayor Rick Blangiardi (collectively, "Defendants"), ECF No. 1. Plaintiff sues all but Defendant Roxanne Felicia Flores in their official capacities. ECF No. 1 at PageID.2–3. Based on the following, the court GRANTS the IFP Application and sua sponte DISMISSES the complaint without leave to amend for failure to state a claim.

## II. IFP APPLICATION

Federal courts "may authorize the commencement . . . of any suit without prepayment of fees or security . . . by a person who submits an affidavit that includes a statement of all assets [he] possesses," demonstrating that he "is unable to pay such fees or give security . . . ." 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

When reviewing a motion pursuant to § 1915(a), the court must determine whether a plaintiff has alleged poverty "with some particularity, definiteness and certainty." *Id.* (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks omitted)). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Id.* at 1235. Although § 1915(a) does not require a litigant to demonstrate that he is "absolutely destitute," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

The court has reviewed Plaintiff's IFP Application and determines that Plaintiff has made the required showing under 28 U.S.C. § 1915(a) to proceed

in forma pauperis (i.e., without prepayment of fees). The court therefore grants the IFP Application.

## III. STATUTORY SCREENING

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Hebrard v. Nofziger*, 90 F.4th 1000, 1007 (9th Cir. 2024) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP complaint that fails to state a claim (citation omitted)). When screening a complaint for failure to state a claim under § 1915(e)(2)(B)(ii), the court applies the same standard it applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

A "frivolous" case has been defined as one which is (1) based upon an "'indisputably meritless legal theory,'" or (2) lacks "'an arguable basis either in law or in fact.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)). A complaint should be dismissed if, even when its well-pleaded factual allegations are taken as true and viewed in the light most favorable to the plaintiff, it does not contain "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In screening a complaint, the court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Unified Data Servs., LLC v. F.T.C.*, 39 F.4th 1200, 1208 (9th Cir. 2022). But if "amendment would be futile," dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013) (citation omitted).

**A. Factual Allegations**

Here, Plaintiff attempts to assert claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for "targeting [him] with military technology" and "tampering with government property" respectively. ECF No. 1 at PageID.3–4. Plaintiff alleges that Defendants acted under color of state, local, or federal law (he does not specify) as follows:

> To protect and serve, which when the plaintiff, ask the officer of the laws for a complaint form, because plaintiff had a legitimate complaint, and when the officer fines out, what your talking about they don't do so . . . .

*Id*. at PageID.4.

In similarly unintelligible form, Plaintiff alleges the facts underlying his "claims" in this way:

> Plaintiff clearly could not focuss at the time and its to find out, what your doing and try to throw you off of your on plans, if the plaintiff has to say so. and plaintiff has lose a job, because of the destraction, from them using military technology.

*Id*. These events took place in "2006 up and till now 2026" at "Mililani Kamehameha Highway across from Foodland shopping center, toward the gulf cores, which do belong to the military base Schofield." *Id*. Plaintiff alleges that his injuries consist of

> lost jobs, because the person, that pulls a person from the attention of doing there job, which these defendants Randy Flores and Roxanne Flores, did so, do by talking out loud on military property.

*Id*. at PageID.5. For relief,

> Plaintiff is asking for a colonel, and commander to be present at this hearing, so that, they can know, that there technology are, being used outside of there bases, by some had worked for them, and probably some still there.

*Id*. (underscore omitted).

## B. Section 1983 Claims

Section 1983 provides a cause of action by one who has been deprived of constitutional rights by another person acting under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. A defendant has acted under color of state law where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1209 (9th Cir. 2002) ("Whether a private party engaged in state action is a highly factual question.").

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in

another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). To survive screening, Plaintiff must allege facts permitting a plausible inference that he has suffered deprivation of a constitutional right, within the meaning of § 1983, and that the violation was committed by a person acting under color of state law.

Although Plaintiff asserts a § 1983 claim as a basis for this court's jurisdiction, Plaintiff has not alleged facts sufficient to demonstrate that he has suffered a deprivation of a constitutional right under § 1983. Instead, the complaint contains undecipherable allegations involving unspecified "military technology" without any allegations of who Plaintiff is, who Defendants are in relation to him, or any specific wrongdoing that any Defendant committed in violation of § 1983. Any § 1983 claim against Defendants necessarily fails.

**C. *Bivens* Claims**

Claims under *Bivens* are very limited, and, in any event, only provide a damages remedy against individual federal officers for actions undertaken in their individual capacity. *See Hueter v. Kruse*, 576 F. Supp. 3d 743, 774 n.28 (D. Haw. 2021). That is, "*Bivens* is both inappropriate and unnecessary for claims seeking solely equitable relief against actions by the federal government. By

definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action." *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016). "[S]ome form of damages is the only possible remedy for someone in Bivens' alleged position." *Id*. (quoting *Bivens*, 403 U.S. at 409–10) (brackets in original).

Here, Plaintiff alleges no wrongdoing against any federal officer, much less in his individual capacity, and does not otherwise appear to seek damages. *Bivens* would therefore not apply to Plaintiff's claims as pled.

* * *

To survive screening, Plaintiff must allege a plausible claim. He has not done so here. Furthermore, given the nonsensical allegations, "any further amendment to the complaint would likely prove futile." *Brown v. Brita Prods. Co.*, 172 F.4th 1113, 1118 (9th Cir. 2026) (citation and quotation marks omitted). Absent an actionable non-frivolous claim or adequate factual basis to allege a claim, the court sua sponte DISMISSES the complaint for failure to state a claim and without leave to amend. *See Sylvia Landfield Tr.*, 729 F.3d at 1196.

## IV. CONCLUSION

For the reasons stated, the IFP Application, ECF No. 2, is GRANTED and the complaint, ECF No. 1, is sua sponte DISMISSED without leave to amend. The Clerk shall CLOSE this matter.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 2, 2026.

/s/ J. Michael Seabright

J. Michael Seabright
United States District Judge